**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4663
_____

MUWSA GREEN,
                                        Appellant

v.

BRIAN D. COLEMAN, SCI Fayette Facility Manager/Superintendent;
STEPHEN BUZAS, Unit Manager; SUSAN BERRIER, Chief Health Care
Administrator; GARY GALLUCCI, SCI Fayette Psychologist; LOUIS BOZELLI,
Licensed Psychology Manager; JANE/JOHN DOE, Mental Health Doctor or Staff
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-00008)
Magistrate Judge:  Honorable Cynthia R. Eddy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 18, 2014
Before: JORDAN, COWEN and BARRY, Circuit Judges

(Opinion filed: August 19, 2014)
_____

OPINION
_____

PER CURIAM

Muwsa Green, proceeding pro se, appeals from the District Court's order granting the defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss his complaint. For the reasons that follow, we will affirm.

I.

Green, a Pennsylvania prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 against various employees and administrators of SCI-Fayette. In his complaint, Green alleged that the defendants violated his First Amendment rights by retaliating against him after he filed a lawsuit against another correctional institution. He also alleged that the defendants violated his Eighth Amendment rights by failing to treat his medical and mental health issues and by failing to respond appropriately to his suicide attempts. Finally, Green alleged that the defendants violated his rights pursuant to the Fourteenth Amendment and the Americans with Disabilities Act. Before the defendants had been served, Green filed an amended complaint largely restating his original allegations. One defendant moved to dismiss the complaint for failure to state a claim, and before the court ruled on the motion, Green filed a second amended complaint, as well as a response in opposition to the motion to dismiss. The second amended complaint restated the allegations of the original and first amended complaints. The remainder of the defendants then moved jointly to dismiss the complaint for failure to state a claim. The parties consented to a Magistrate Judge's exercise of the jurisdiction of the District Court.

2

The Magistrate Judge granted the defendants' motion to dismiss and determined that leave to amend further would be futile. Green timely appealed.[1]

## II.

We exercise plenary review over the District Court's dismissal order. See Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). Dismissal is appropriate where the pleader has not alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). This inquiry has three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus, 641 F.3d at 563. "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" is not sufficient for a complaint to survive a motion to dismiss for failure to state a claim. Iqbal, 556 U.S. at 678.

Upon review, we agree with the Magistrate Judge that Green's complaint failed to state a claim. As an initial matter, the Magistrate Judge correctly dismissed Green's retaliation claim. A plaintiff in a retaliation case must prove that: (1) he engaged in constitutionally protected conduct, (2) "he suffered some adverse action at the hands of

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We are mindful that a pro se litigant's complaint is to be construed liberally. See Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004).

the prison officials"; and (3) "his constitutionally protected conduct was a substantial or motivating factor in the decision to [take that action]." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (internal quotation marks omitted). The requisite causal connection can be demonstrated by "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). Green stated in a conclusory fashion that the defendants poisoned his food and assigned him to the Restricted Housing Unit (RHU) in response to his lawsuit against SCI-Waymart. Dkt. No. 28, at 3. Despite amending his complaint twice, Green did not allege any facts that would satisfy the third element of a retaliation claim, such as the timing of the events in question. Likewise, his appellate brief does not suggest that he could supplement the facts supplied in the complaint, and instead reiterates its conclusory statements. We therefore find that the dismissal of this claim without leave to amend was proper.

We further agree with the Magistrate Judge's dismissal of Green's claim regarding segregated custody, which the Magistrate Judge construed as an Eighth Amendment conditions of confinement claim. The Eighth Amendment imposes upon prison officials a duty to provide "humane conditions of confinement." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 256 (3d Cir. 2010) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). "For an alleged deprivation to rise to the level of an Eighth Amendment

4

violation, it must result in the denial of the minimal civilized measure of life's necessities." Id. (internal quotations and citations omitted). Such a denial involves "the deprivation of a single, identifiable human need such as food, warmth, or exercise . . . ." Wilson v. Seiter, 501 U.S. 294, 304 (1991). Green stated only that he had been in solitary confinement since October 2009, and that it was causing him psychological distress. Dismissal was therefore correct, as Green did not allege that he was deprived of any basic need except medical care, which is discussed in the following paragraph.

We agree with the Magistrate Judge's conclusion that Green failed to state an Eighth Amendment claim regarding the denial of medical treatment for his mental health issues and other medical concerns. In this context, the relevant inquiry is whether the defendant was deliberately indifferent to the plaintiff's serious medical need. See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United

5

States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted).

Green complained of severe chest and stomach pain, pain with urination, and difficulty falling asleep. Dkt. No. 28, at 7. He stated that he had a history of bipolar disorder as well as a personality disorder with borderline and schizoid features. Id. at 5. He claimed that he "waited seven long consecutively stressful months with improper/inadequate medical treatment . . . before he was taken to Southwest Region [sic] Hospital located in Greene County Pennsylvania." Id. at 4. He also alleged that Defendant Mitchell's tests were inadequate to ascertain his medical condition correctly. Id. He acknowledged that he had received medication for sleep and pain, but stated that they were inadequate. Id. at 7. Similarly, he alleged that the prison psychologist misdiagnosed his mental illnesses and did not provide adequate personal treatment. Id. at 4, 5. These admissions demonstrate that Green did receive some amount of medical attention, and that he is merely disagreeing with its type and quantity. As a result, Green was unable to show deliberate indifference, and this claim was properly dismissed without leave to amend.

Finally, we conclude that Green's allegations regarding his attempts at suicide did not state a valid claim for relief. Plaintiffs in prison-suicide cases bear the burden of establishing three elements: "(1) the detainee had a 'particular vulnerability to suicide,' (2) the custodial officer or officers knew or should have known of that vulnerability, and

6

(3) those officers 'acted with reckless indifference' to the detainee's particular vulnerability."[2] Colburn, 946 F.2d at 1023 (quoting Colburn v. Upper Darby Twp., 838 F.2d 663, 669 (3d Cir. 1988)). "[T]he requirement of reckless or deliberate indifference implies that there must be a strong likelihood, rather than a mere possibility, that self-inflicted harm will occur." Id. at 1024 (internal quotations omitted).

Green stated that he had a history of bipolar disorder, as well as a personality disorder with borderline and schizoid features. See Dkt. No. 28 at 5. He claimed that he had attempted suicide four different times at SCI-Fayette, and that on one occasion, he asked Defendant Buzas to contact the psychological department because he felt suicidal, but Buzas refused. Id. at 5, 6. The complaint did not indicate the dates or nature of his four attempts, nor did it indicate whether they took place before or after the incident with Defendant Buzas. The complaint did not allege who knew about the prior attempts. Green therefore failed to plead facts that would support the second and third Colburn factors by demonstrating that the defendants knew or should have known that Green was at risk for suicide, and that they disregarded that risk. Accordingly, we find that Green did not state an Eighth Amendment claim under the Colburn standard.[3]

---

[2] Although this standard is framed in terms of pretrial detainees, we note that the same standard may apply to convicted prisoners. See Woloszyn v. Cnty. of Lawrence, 396 F.3d 314, 319 n.5 (3d Cir. 2005) (stating that "in developing our jurisprudence on pretrial detainees' suicides we looked to the Eighth Amendment, which prohibits the infliction of cruel and unusual punishment on convicted prisoners . . . .").

[3] We further agree with the dismissal of Green's claims pursuant to the Fourteenth

## IV.

For the foregoing reasons, we will affirm.

---

Amendment and the Americans with Disabilities Act, 42 U.S.C. § 12132, for the reasons stated by the Magistrate Judge.